06-5135, Ferreiro v. United States Mr. Randall, good morning to you. Auburn? Good morning. Thank you. Please proceed. Thank you. The police is the court. I first initiated this action in the year 2000. Don't start at the beginning. We've read that. So let's spend a little time we have here with your court contention, which is that the Court of Federal Claims did have jurisdiction, despite the Civil Service Reform Act and the case law interpreting it, which Judge Firestone found to divest her of jurisdiction. You've got to show that she was wrong in that assessment. I do not believe that the jurisdiction of the lower court should be predicated upon the administrative regulation cited by the judge. Instead, I think that the… I'm not talking about administrative regulations. I'm talking about a statute called the Civil Service Reform Act as interpreted by no less an authority than the Supreme Court of the United States and Falstaff and subsequent cases. Well, I would point out to the court that with respect to two of the three main plaintiffs, this administrative determination has already been made. The reason that my clients have not received… Exactly what determination has been made by whom? It has been made what limited discovery I've had with the case, which really amounts to the only discovery I've had with respect to this case was a discovery relating to this Treasury-issued license to the Navy. The question isn't the discovery. The question is you said an administrative determination favorable to your client has already been made. Yes, sir. By whom and what was the exact determination? Well, I refer the court to the numbered page in my appendix number 87, which is the declaration of a Mr. Victor Karcher. And in that declaration, which was provided by the United States in connection with its motion for summary judgment, Mr. Karcher indicates that two out of the three main plaintiffs have already had their administrative determinations of entitlement to benefits and that the only reason that they did not receive the benefits is because of the United States embargo. You mean they've been determined to be entitled to X dollars and such and such a date? Yes, sir. I'll make it real clear. Paragraph 5 of this declaration says that one of the main plaintiffs, the widow of Mr. Jeffers, and I quote, that she's entitled to payment of a lump sum representing the amount of civil service retirement deduction that had been withheld from the federal salary of Charles Jeffers while he was a federal employee. And she's not getting that? No. So why isn't the rule that the ultimate amount of assistance deductible? Because the reason that she has not gotten it is because of the embargo regulations, which specifically permit her to bring this action before the Court of Federal Claims. But how does it? And I ask that because the Court of Federal Claims can't issue injunctions. So one of the things you've asked for is to force the movement of the funds into a blocked account. Well, that's not paying the money to your client, which is what the Court of Federal Claims can do. That's an injunction. You're asking for us to tell them to enjoin or to cause something to happen, and they don't have jurisdiction to do that, right? I believe they do. Pursuant to the embargo regulation, which is 3.1 of the Code of Federal Regulations, 515.504B specifically authorizes the bringing of an action with respect to monies that were accrued as of the effective date of the embargo. These monies... Doesn't that statute say, if the Court of Federal Claims otherwise has jurisdiction? I'm not familiar with whether the embargo regulations state that or not. I have never seen it, as I stand before you now, but the grant of jurisdiction is pursuant to the embargo regulations, and it's quite clear. Well, no, this doesn't grant... This regulation, I have it here, it doesn't seem to grant jurisdiction to the Court of Federal Claims, but rather says a judicial proceeding was authorized in this circumstance. To take it to the district court, they can grant injunctions. The Court of Federal Claims can't. Their jurisprudence and our jurisprudence with regard to their jurisdiction is it's got to be limited to a money-mandating statute or regulation, and this is not one. This doesn't mandate the payment of money to your clients at this stage. No, it mandates the payment of money into blocked accounts which have been established or should be established for the benefit of my clients. But that's an injunction, and that's the important point. So you're saying the setting aside of money to maybe pay them, or to pay them when the embargo was lifted at some point in time, that that is akin to the actual payment of money, and that's why you're saying the Court has jurisdiction? That's correct. If Your Honor would take a look at the license that is at issue here, the license issued by the Treasury to the Navy, you will see the provisions that allow the payment of $300 per quarter to all of my clients. The fact is that the money cannot be paid until it is put into the blocked accounts, in which case then a separate Treasury license is issued for the payment of these monies. But to say that this statute is not money-mandating I think is really form over substance. The money can't be paid until it's put into these accounts. And then it can't be paid at that stage. The Court of Federal Claims simply can't grant you the relief that you want. They can't give you the money, which is one point you do ask for that in brief as well. You want the payment of the money. They can't do that in light of these regs, correct? No, I disagree. I believe that the Tucker Act authorizes the jurisdiction of this Court to require the payment of these monies, some certain, having already been determined. In conflict with the embargo, we're supposed to actually order the Court of Federal Claims to pay the money to your clients? No, pay them into blocked accounts pursuant to the terms of the embargo. Once the money is paid into the accounts, then the money is released pursuant to the Treasury license. And this has been going on for the 44 years that the embargo has been in place. My clients who have a history of being employed by the United States actually has been prejudiced for 44 years. By not being employed by the United States, isn't that exactly the reason why they have to go to the board? Have you gone to the board? They have not gone to the board. Well, excuse me. Yes, they have. This declaration, which was not provided to me in the course of discovery, and I would never have known had it not been for this declaration provided by the United States says that they did go to the board. This declaration says the only reason that they have not been paid is because of the terms of the embargo. And now the license has been issued. No, wait. They don't say they did. Show me in here where it says they went to the board. It says they have a ruling from the Civil Service Commission. That's not the Merit Systems Protection Court. Those are two different bodies. Well, that could be. Am I missing something? No. No? Okay. That's what you're referring to. That's correct. Paragraph 3 references the Civil Service Commission, which the first-name plaintiff, Ferrero, did file the appropriate benefit forms, and she was determined to be entitled to these benefits. And, again, the only reason that they have not been paid is because of the embargo. Now we have, I've produced, or what's attached to the complaint, is a letter from the Treasury at the time when the payments were cut off. I believe this letter is dated January of 1963, in which it recites, or excuse me, it is July of 1964, but it recites all of the monies that the United States is currently holding for these clients And why this money has not been put into blocked accounts pursuant to the Treasury's own regulations is something that I think it falls within the jurisdiction of this court. That's the Federal Merit System 401? That's correct. By this court, you mean the Court of Federal Claims? That's correct. No one is contesting our jurisdiction to hear this appeal. The jurisdictional issue is whether Judge Firestone has jurisdiction over the underlying complaint. That's correct. Okay, the first time that I was before this court, in 2003, the issue presented by the government was reciprocity. The order remanding this case back down to the trial court was very specific, and that was that we would have conducted an evidentiary hearing with respect to the Reciprocity Act, and then the court could take a look at other grounds. Judge Firestone essentially said that the Navy-issued license or the Treasury license issued to the Navy eliminated, for some reason, the evidentiary hearing on the reciprocity. Are you trying to make an argument that the conduct of the remand proceedings by Judge Firestone was in violation of the mandate of this court? I don't think there's any question about that. Well, you better show me the language where she was ordered to not consider any other jurisdictional issue until after having fact-finding on the jurisdictional issue discussed by our prior panel. Well, her order is attached. No, no, no, the panel's order. Where in the panel's order was she required not to reach any other jurisdictional issue until after having a fact-finding hearing on the jurisdictional issue the panel reviewed? Well, let me read it for you, Your Honor. It's contained on page 14 of the order, subparagraph Roman numeral 5, and it states specifically, the court of federal claims must reopen the record and hold an evidentiary hearing in which the sufficiency of all the evidence on the reciprocity issue is tested against the legal requirements for establishing reciprocity under the Reciprocity Act. I thought you said earlier that the court was ordered not to reach any other jurisdictional issue until after having a fact-finding hearing on that first jurisdictional issue. But the mandate language you've read doesn't say anything about other jurisdictional issues or the sequence of addressing various jurisdictional issues. Your point's well taken. The order continues. On the same page, if I remand it is determined that the Reciprocity Act no longer stands in the way of this suit, the court will have ample occasion to entertain additional grounds upon which the government perceives jurisdictional impediments to the present action. And then what happened? The government abandoned the reciprocity grant? No, sir. What happened was that Judge Firestone gave me a limited window in which to conduct discovery relating to the payments being made under this Navy license. And she did so for six months, after which she mandated or ordered the government to file its motion for summary judgment contesting jurisdiction. Counsel, it's my understanding that the CFC can reconsider subject matter jurisdiction at any point in a proceeding. We certainly couldn't tell them, don't consider subject matter jurisdiction. They can do that at any point, can't they? I would agree. That's true. But the issue pending here is whether the Court of Federal Claims has jurisdiction, and I contend that it has jurisdiction pursuant to the embargo regulations. It's very clear. All right. Let's hear from the government. Thank you, sir. Thank you. Counsel to the government. Thank you, Your Honor. May it please the Court. I'd like to first respond to Mr. Randall's comment that the Civil Service Commission had determined the eligibility of his clients. If you look at the letter in the appendix, and also this is page 30 of the appendix, it's a Civil Service annuity statement addressed to Charles Jeffers, the husband of the plaintiff here. And in addition, the other one is to Mr. Luis Perez. That's page 28. The current claimant appellants are the apparent widows of those two men. These men. Correct, Your Honor. So the adjudication by the Civil Service Commission only related to the employment of the men for their work for the Navy, not necessarily to alleged surviving spouses. Exactly, Your Honor. And pursuant to 5 U.S.C. Sections 8331.11 and 8347.b, there's a statutory requirement for an application for the survivor annuity benefits. That hasn't been done. There is some correspondence, as noted in the declaration that was appended to our reply brief below, stating that Ms. Ferrerio and Ms. Jeffers had written to the Civil Service Commission, but it was not a formal application. So there has not been a determination that Ms. Jeffers or Ms. Ferrerio are entitled to these benefits. They may very well be, but they need to apply to OPM in order to receive those benefits. What's the discriminator between whether a surviving spouse gets the benefits of the deceased spouse or not?  First of all, whether or not the retiree annuitant has selected a survivor annuity. It requires certain extra payments. Yes, it did, Your Honor. So if my spouse worked for the Navy for many years and she was entitled to a pension and she then died, I might be entitled to receive her pension or I might not, I would depend on my having to prove certain additional facts other than the merit. Exactly, Your Honor. And if you look at page 30 in the appendix, this is the statement for Mr. Jeffers, and you'll see the box, Survivor Annuity Not Elected is checked. Maybe I don't understand. I'm just confused. So tell me, isn't though what they're arguing about is the money owed up until the point when he died, and there's no dispute that that money was owed to him, and as his wife, his decedent, she's entitled to that money. I didn't understand the dispute to be about continuing survivor annuity benefits. Maybe I'm wrong. The pleadings are not that precise, Your Honor. I took it to mean that they were seeking both the payments to the retiree and the survivor annuity benefits if they're applicable. Do you dispute that she may be, she's entitled as his wife, assuming that there's a will or something or no will or whatever, assuming that as his wife she's entitled to the benefits he had previously been awarded under those two things that you pointed me to, you don't dispute that she's entitled? Not at all, Your Honor. However, there are requirements in the Code of Federal Regulations for procedures that need to be filed to demonstrate the entitlement to those benefits. They need to make an application to OPM and demonstrate that they are entitled to, you know, that either that Mr. Jeffers or Mr. Perez had indicated that if, in the event of their death, that any residual benefits go to their wife, they could have designated it to, I believe they could have designated it, say, to children or something like that, or there could be a fact of whether or not they were still married at the time of the death. They may have separated after this statement was issued, but before his death. If Ms. Jeffers... So there might also be a question of whether they were married already as of the time of the award. Correct, Your Honor. And if they were married, whether the marriage met certain duration requirements, also if, for survivor annuity benefits, if the widow had remarried, there would be a... None of that was determined anyway. None of that has been determined, Your Honor. Is your view that this lawsuit belongs in the district court, as perhaps suggested earlier by Judge Moore, or is your view that this claim is exclusively within the province of the OPM? It's exclusively within the province of the OPM, Your Honor. And, in fact, there was a district court... The men would have been denied. Back here to this court. We'll be standing here before you, Your Honor. Not directly to this court. No, I'm sorry, to the Merit Systems Protection Board with ultimate judicial review to this court. Back to the point about the district court, there was a case we cited in our brief for Naro v. James, which involved a civil service retirement claim by some firefighters that tried to go to the D.C. Circuit. And then Circuit Judge Roberts, now Chief Justice Roberts, wrote an opinion indicating that the exclusive remedy was OPM, and that since it was retirement benefits, they couldn't seek mandamus in the Circuit Court. If Your Honors have no other questions, I'd simply ask... What about an APA action, compelling payment into a blocked account? Wouldn't that be something appropriately raised in the district court? That could possibly go to the district court, Your Honor. Maybe based on the complaint, it's hard to tell, but couldn't that be something they're alleging here as well? It could be something. It could be read that way, Your Honor. I think you would still need to go to OPM to have the determination of the amount of money that was due, and then they may be able to go to the district court and do an APA. However, there is a license in effect now that allows the payment to Navy retirees in the annuity amount or in the amount of $300 per quarter. So they would be able to get the current checks sent to them in Cuba. If there were no current payments or if the current payments were less than $300 per quarter, they could have that amount of the back accrued benefits sent to them in Cuba. And if the panel has no other questions, I'd ask for an opinion. Suppose that they had gone to OPM, the two wills, not the veterans, but the two wills of the Navy-based workers, and had shown they were entitled to spousal survival rights in these annuities. In that event, wouldn't it be the requirement on the Treasury Department to deposit money into an interest-bearing account in the domestic bank as the reg requires? I'm not sure the answer to that, Your Honor, because there are a variety of ways that it could be accounted for. And there was a footnote, I believe it was in our motion below, I don't think we bothered with it to this court, that there's a possibility that the money could be paid to a representative in the United States, an attorney, in fact, in the United States, that could take receipt of the back money and then put it into a blocked account of their choice, or they could receive the payments from OPM. I'm not sure that OPM has worked out all the kinks on how this is going to happen or not. But it can't be that the government can just ignore its own reg and not hold the money in an interest-bearing account in a domestic bank as required by the government's regulations. Once the amount is determined, certainly they would need to account for it somehow. I don't know that OPM has determined how they're going to do that. But hasn't the reg already directed how that's to be done? By depositing to the domestic bank? The reg said that if you know an amount, what if these are pension payments that are contingent on the retiree annuitant being alive, so how long would they keep paying this money into the account for these elderly retirees? Do you keep paying? But I'm assuming that the surviving spouses have established through OPM that those ladies are entitled to survive with them. Yes. And I'm asking, in that event, wouldn't the government be required to follow its own regs and deposit those monies in a domestic bank? I presume that would be the way that OPM will deal with it. However, it's a hypothetical. I don't know the answer of how they're going to deal with these payments when these amounts are determined. And one possibility would be for the government to account for it in a blocked account. Another possibility would be the payment to a representative of that retiree or retiree annuitant or their survivor that would take the money and deal with it in accordance with the regulations. What about the argument about whether 504 is a money-mandating regulation? We would argue, Your Honor, that it's not a money-mandating. We cite in our brief to Eastport Steamship Company where it details the types of regulations that should be considered money-mandating. And in this case where it's an allegation that the government owes you money, there has to be a sum certain. Here there is not a sum certain because OPM still has to determine the amount of the eligibility and the calculation for the back benefit, so there's not a sum certain. And the blocking rights don't deal with the payment of money. They deal with what you do with this money once you have it. It's not a – A sum certain question is a different question from whether the regulation itself is money-mandating. You're saying in this particular case we don't have a certain sum, but that's a different question than whether a regulation in the abstract is money-mandating. Yes, Your Honor, and in this case it's not money-mandating. It has nothing to do with whether or not the civil service provisions codified in Chapter 5 compel the payment of money to these retirees or their survivors. It's an administrative provision dealing with the treatment of some funds. It doesn't determine the eligibility of these funds in any way. Thank you. Thank you, Your Honor. Mr. Randall and Ms. Butler, two and a half minutes. Thank you. I don't want to leave this panel with a mistaken belief that these amounts of money that I am seeking pursuant to this complaint has not been reduced to a sum certain. Again, I would refer you back to this declaration of Mr. Karcher, and he indicates that with respect to Ms. Ferraro, she has already applied. He says that Mr. Perez, her deceased husband, retirement file, contains an application for spousal survival annuity under the civil service retirement system filed by Teresa Ferraro on November 4, 1964. It continues, although the former Civil Service Commission determined that Ms. Ferraro satisfied the statutory requirements for entitlement to a spousal survivor annuity. However, due to the embargo on payments of money to individuals residing in Cuba, the Civil Service Commission was not authorized to make monthly survivor annuity payments to Ms. Ferraro. Then according to your opponent, you have a right claim that you could bring into district court. Well, I'm not so sure that I heard that from my opponent, but that's certainly an area that I'll explore if this court tells me that I can bring it as such. I don't think we can opine in an opinion or a ruling in this appeal where else you might be able to bring it. I think we're probably limited to saying whether you properly brought it in the court of federal claims or whether, as Judge Firestone ruled, she lacked jurisdiction. I wouldn't argue on that point. Okay, the other point that I want to make is that with respect to the second named plaintiff, the widow of Mr. Jeffers, it has already been determined that she, the declaration says she, was entitled to payment of a lump sum representing the amount of civil service retirement deductions that had been withheld from the federal salaries of Charles Jeffers. Government knows to the penny what these lump sum entitlements are. And this was not even provided to me in the course of discovery. My hands have been completely tied in this case. But there's no discovery-related issue before us. That may be, but I'm just saying that the primary issue, which is, is there a lump sum, some certain, that is due to date, or that was due, and when they cut off the benefits in 1964, the answer is, without question, yes. The government has admitted. All right? We thank you for your consultation. Thank you.